**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4128**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

DESIREE CHAMP TATE,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:11-cr-00105-F-5)

———————

Submitted:  February 24, 2014         Decided:  March 7, 2014

———————

Before KEENAN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desiree Champ Tate pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute and distribute 280 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 846 (2012), and the district court sentenced her to a below-Guidelines sentence of sixty months. Tate's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Tate's sentence is reasonable. The Government has moved to dismiss the appeal, arguing that Tate knowingly and intelligently waived the right to appeal her sentence. Tate was notified of her right to file a supplemental pro se brief but has not done so. We dismiss in part and affirm in part.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "We generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.) (internal quotation marks and alteration omitted), cert. denied, 133 S. Ct. 196 (2012). A defendant's waiver is valid if she agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).

Our review of the record leads us to conclude that Tate knowingly and voluntarily waived the right to appeal her sentence and that the issue her counsel asserts on appeal is within the scope of the waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal of Tate's sentence. Because the waiver does not preclude our review of Tate's conviction, we deny the motion to dismiss in part. Pursuant to Anders, we have reviewed the entire record and have found no meritorious grounds for appeal outside the scope of the waiver. We therefore affirm Tate's conviction.

This court requires counsel to inform Tate, in writing, of her right to petition the Supreme Court of the United States for further review. If Tate requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
